**Link to #32**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6594 PSG (AGRx) | Date | October 30, 2008 |
|---|---|---|---|
| Title | Nedbank International, Ltd. v. Xero Mobile, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order Denying Leave to Withdraw as Counsel**

I.   BACKGROUND

On October 11, 2007, Plaintiff, Nedbank International ("Nedbank"), filed suit seeking the return of funds mistakenly wired to Defendant, Xero Mobile, Inc. ("Xero"). Parties were ordered to present a settlement agreement to this Court on September 25, 2008, or be prepared to go to trial on September 30, 2008. Greenberg Traurig ("GT"), counsel for Xero, claims that settlement was reached but not signed on August 30, 2008. *Mot.* 1:26-28[1]. The parties were prepared to present the agreement to this Court on September 25. *Id.* at 1:27-2:2. On September 25, GT claims it learned for the first time that all of Xero's officers had resigned, leaving no one with the authority to execute the settlement. *Id.* at 2:3-6. As a result of these actions by Xero, this Court struck Xero's answer and ordered Nedbank to file a Motion for Default. Default was entered on October 7, 2008, and the matter was forwarded to this Court as the Clerk could not adjudicate costs and interest.

GT presently seeks leave to withdraw as counsel, and Plaintiff opposes the motion on the grounds that GT is simply trying to delay entry of the final judgment by making this motion, as GT knew default judgment would be entered. *Opp.* 3:10-18. GT argues that not only has Xero neglected to pay its fees, but the resignation of all of its officers has made communication with Xero virtually impossible. *Scott Decl.* ¶¶ 4, 11.

---

[1] There are two pages numbered 1. This is the second one.

**Link to #32**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6594 PSG (AGRx) | Date | October 30, 2008 |
|---|---|---|---|
| Title | Nedbank International, Ltd. v. Xero Mobile, Inc. | | |

II.     LEGAL STANDARD

    A.     Rules

Pursuant to Local Rule 83-3.1.2, attorneys must follow the California Code of Professional Conduct and act accordingly. In general, the California Code of Professional Conduct does not allow an attorney to withdraw from a case unless certain conditions are met. *Cal. Code of Prof'l Conduct R.* 3-700(C)(1). The California Code of Professional Conduct permits withdrawal where the client (1) "render[s] it unreasonably difficult for the member to carry out the employment effectively" or (2) "breaches an agreement or obligation to the member as to expenses or fees." *Cal. Code of Prof'l Conduct R.* 3-700(C)(1). Further, Local Rule 83-2.9.2.1 requires an attorney to seek leave from the court before withdrawal. In cases where the client is a corporation, Local Rule 83-2.9.2.3 requires that the attorney "shall give written notice to the corporation . . . of the consequences of its inability to appear *pro se*."

    B.     Propriety of Motion

The decision to grant or deny counsel's motion to withdraw is within the discretion of the trial court. *Irwin v. Mascott*, No. 97-4737, 2004 U.S. Dist. LEXIS 28264, at *3 (N.D. Cal. Dec. 1, 2004). Courts often weigh four factors in determining whether to grant or deny such a motion. *Id.* at 4. These factors include the following: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.; see, e.g., Beard v. Shuttermart of Cal., Inc.*, No. 07CV594WQHLS, 2008 WL 410694 (S.D. Cal. Feb. 13, 2008); *Kassab v. San Diego*, No. 07CV1071, 2008 WL 251935 (S.D. Cal. Jan. 29, 2008); *Am. Econ. Ins., Co. v. Herrera*, No. 06CV2395, 2008 WL 3276326 (S.D. Cal. Nov. 5, 2007)*; Taylor v. Stewart*, 20 F.Supp.2d 882, 883 (E.D. Pa. 1998); *Mandell v. Superior Court*, 67 Cal. App. 3d 1, 4, 136 Cal. Rptr. 354 (1977) (holding that an attorney may withdraw as counsel as long as the withdrawal does not cause injustice or delay proceedings).

III.     DISCUSSION

Under the California Code of Professional Conduct, an attorney cannot withdraw unless one of several conditions are satisfied. According to GT, two of those conditions apply in the

**Link to #32**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6594 PSG (AGRx) | Date | October 30, 2008 |
|---|---|---|---|
| Title | Nedbank International, Ltd. v. Xero Mobile, Inc. | | |

instant case. First, Xero has become an incredibly difficult client, as it has not provided anyone with the authority to make legal decisions. Second, GT alleges that Xero has failed to pay attorney's fees, which alone can be reason enough to grant a motion to withdraw. *See Statue of Liberty-Ellis Island Found., Inc. v. Int'l Indus., Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986) (holding that refusal to pay fees can be sufficient to grant a motion to withdraw as counsel); *accord Darby v. City of Torrance*, 810 F.Supp 275, 276 (C.D. Cal. 1992).

The factors presented in *Irwin* support GT's withdrawal as counsel. Under the first factor, the Court must consider reasons why the withdrawal is sought. *Irwin*, 2004 U.S. Dist. LEXIS at *4. GT's clients have made this litigation practically impossible, as Xero has provided no one with the authority to make decisions. Also, the fact that Xero has yet to pay GT is another compelling reason.

Under the second factor, the Court must consider the prejudice to Nedbank that a delay in the litigation would cause. *Id*. The Court Clerk has already entered default. Since a corporation cannot appear pro se, Xero would be forced to find other counsel to oppose the default judgment. If it does not do so, however, default still may be entered. *See Original San Francisco Toymakers, Inc. v. Trendmasters, Inc.*, No. C01-3658, 2003 WL 22384771 (N.D. Cal. Oct. 7, 2003). Therefore, the prejudice to Nedbank is negligible.

The third factor this Court should consider is the harm to the administration of justice that would result from granting the motion. *Irwin*, 2004 U.S. Dist. LEXIS at *4. Seeing as default has been entered and all that remains is a determination of damages, there would be no harm to either party if Xero were either forced to find new counsel or default was simply carried out.

The fourth factor the Court considers is the degree to which withdrawal will delay the resolution of the case. *Id.* The only action that could possibly remain on Xero's part would be an opposition to entry of default judgment or no action at all. Therefore, the case can continue its present course whether Xero finds new counsel or not.

However, GT fails to attest that it complied with Local Rule 83-2.9.2.3 and fails to attach written proof of compliance. *See generally Scott Decl*. GT says it has provided notice of Xero's inability to appear *pro se*. However, an attorney needs to explain in writing the consequences of failure to obtain representation. *See Local R.* 83-2.9.2.1; *Hyloft, Inc. v. Jiangsu Sainty Shengtong Imp. & Exp. Co., Ltd.*, No. CV 07-5819, 2008 WL 4184633 (C.D. Cal. Sept. 8, 2008); *Urethane Foam Experts, Inc. v. Latimer*, 31 Cal. App. 4th 763, 766, 37 Cal. Rptr. 2d 404 (1995)

**Link to #32**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6594 PSG (AGRx) | Date | October 30, 2008 |
|---|---|---|---|
| Title | Nedbank International, Ltd. v. Xero Mobile, Inc. | | |

(explaining the necessary contents of the written notice informing a corporate client of the consequences of withdrawal). GT has provided no information as to whether Xero has been informed of the consequences of GT's withdrawal. In addition, in a future motion, GT should provide this Court with corporate contact information so that the Court and Nedbank know where Xero may be served. As such, the Court denies the motion for failure to comply with Local Rule 83-2.9.2.3.

IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court DENIES the Motion to Withdraw as Counsel without prejudice.

**IT IS SO ORDERED.**